# EXHIBIT A

BURNETTE SHUTT MCDANIEL
Moving law forward.

BURNETTE SHUTT & MCDANIEL, PA
912 Lady Street | PO Box 1929 | Columbia, SC 29202
O: 803.850.0912 F: 803.904.7910
burnetteshutt.law

**Jason R. Williamson, CP, SCCP**
T: 803.904.7917 I F: 803.904.7910
jwilliamson@burnetteshutt.law
*S.C. Certified Paralegal*
*NALA Certified Paralegal*

July 2, 2025

**VIA CERTIFIED US MAIL**
**RETURN RECEIPT REQUESTED**
**TRACKING NO.: 9414711899560073727370**
Cold War Citizens Healthcare of America
c/o: Jacob T. Smith
658 N Spence Ave
Goldsboro, North Carolina 27534-4233

**RE: Sheryl Moulton, individually, and on behalf of all other similarly-situated individuals v Cold War Citizens Care, LLC, Cold War Citizens Healthcare of America, Cold War Citizens Health Care, LLC, Olin Martin, David Babatope, and Jacob T. Smith**
**C/A No.: 2025-CP-02-01661**
**BSM File No.: 25382.001**

Dear Ms. Smith,

Please find enclosed, for service on you as the Registered Agent for Service of Process for named Defendant Cold War Citizens Healthcare of America, a filed copy of the Summons and Complaint, for the above-referenced matter. You will note that this lawsuit was filed with and is currently pending before the Aiken County Court of Common Pleas.

Govern yourself accordingly,

Sincerely,

Jason R. Williamson

/jrw
Enclosures
cc: Client
Jack E. Cohoon, Esq.
Sarah J.M. Cox, Esq.
Lydia Robins Hendrix, Esq.

ELECTRONICALLY FILED - 2025 Jun 30 4:53 PM - AIKEN - COMMON PLEAS - CASE#2025CP0201661

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
| COUNTY OF AIKEN | FOR THE SECOND JUDICIAL CIRCUIT |
| Sheryl Moulton, individually, and on behalf of all other similarly-situated individuals,<br>Plaintiffs,<br>vs.<br>Cold War Citizens Care, LLC, Cold War Citizens Healthcare of America, Cold War Citizens Health Care, LLC, Olin Martin, David Babatope, and Jacob T. Smith,<br>Defendants. | C/A No.: _____________<br><br>**SUMMONS** |

**TO: THE DEFENDANTS ABOVE-NAMED:**

YOU ARE HEREBY SUMMONED and required to answer the Complaint herein, a copy of which is herewith served upon you, and to serve a copy of your answer to this Complaint upon the subscriber, at the address shown below, within thirty (30) days after service hereof, exclusive of the day of such service, and if you fail to answer the Complaint, judgment by default will be rendered against you for the relief demanded in the Complaint.

[*Signature page to follow.*]

ELECTRONICALLY FILED - 2025 Jun 30 4:53 PM - AIKEN - COMMON PLEAS - CASE#2025CP0201661

s/ Sarah J.M. Cox
Jack E. Cohoon (State Bar. No.: 74776)
Sarah J.M. Cox (State Bar No.: 104316)
Lydia Robins Hendrix (State Bar No.: 106334)
BURNETTE SHUTT & MCDANIEL, PA
912 Lady Street, Second Floor
Columbia, South Carolina 29201
Telephone: 803.904.7930
Facsimile: 803.904.7910
jcohoon@burnetteshutt.law
scox@burnetteshutt.law
lhendrix@burnetteshutt.law

**ATTORNEYS FOR PLAINTIFF**

June 30, 2025

Columbia, South Carolina

ELECTRONICALLY FILED - 2025 Jun 30 4:53 PM - AIKEN - COMMON PLEAS - CASE#2025CP0201661

| | |
|---|---|
| STATE OF SOUTH CAROLINA | IN THE COURT OF COMMON PLEAS |
| COUNTY OF AIKEN | FOR THE SECOND JUDICIAL CIRCUIT |
| Sheryl Moulton, individually, and on behalf of all other similarly-situated individuals, Plaintiffs, | C/A No.: ____________ |
| vs. | **COMPLAINT** (Jury Trial Demanded) |
| Cold War Citizens Care, LLC, Cold War Citizens Healthcare of America, Cold War Citizens Health Care, LLC, Olin Martin, David Babatope, and Jacob T. Smith, Defendants. | |

Sheryl Moulton, individually and on behalf of all other similarly-situated individuals, by way of this Complaint in the above-captioned matter, would allege and show unto this Honorable Court the following:

## NATURE OF THE ACTION

1. Plaintiff Sheryl Moulton is a home health worker who worked for Defendants in Aiken, South Carolina. This is an action brought individually and as a collective action for unpaid overtime compensation, liquidated damages, attorney's fees, and for other relief under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et. seq. ("FLSA"). The collective action provisions under the FLSA provide for opt-in class participation.

2. Plaintiffs also seek remedies under South Carolina law against Defendants on an individual and class-wide basis. Those claims are proposed as opt-out class claims under Rule 23 of the Federal Rules of Civil Procedure.

ELECTRONICALLY FILED - 2025 Jun 30 4:53 PM - AIKEN - COMMON PLEAS - CASE#2025CP0201661

## PARTIES, JURISDICTION AND VENUE

3. Plaintiff Sheryl Moulton is a citizen and resident of Aiken County, South Carolina.

4. Defendant Cold War Citizens Health Care, LLC ("Defendant CWCHC") is a domestic company doing business in Aiken County in the State of South Carolina as "Cold War Citizens Council."

5. Defendant Cold War Citizens Care, LLC ("Defendant CWCC") is a Georgia company doing business in Aiken County in the State of South Carolina as "Cold War Citizens Council."

6. Defendant Cold War Citizens Healthcare of America ("Defendant CWCHA") is a North Carolina company doing business in Aiken County in the State of South Carolina as "Cold War Citizens Council."

7. Defendant Jacob T. Smith ("Defendant Smith") is a citizen and resident of the city of Goldsboro in the State of North Carolina.

8. Defendant Olin Martin ("Defendant Martin") is a citizen and resident of Aiken County in the State of South Carolina.

9. Defendant David Babatope ("Defendant Babatope") is a citizen and resident of the city of Stockbridge in the State of Georgia.

10. Plaintiff brings this action individually and as an opt-in, collective action pursuant to 29 U.S.C. § 216(b), on behalf of a class of all individuals employed by Defendants at any time within the three years prior to joining this lawsuit, who were non-exempt employees and who worked in excess of forty (40) hours in any given work week, but who did not receive overtime compensation of at least one and a half times their regular hourly wage for any and all overtime hours.

ELECTRONICALLY FILED - 2025 Jun 30 4:53 PM - AIKEN - COMMON PLEAS - CASE#2025CP0201661

11. Upon information and belief, this action satisfies the requirements of Rule 23(a), Fed. Civ. P., as alleged in the following particulars:

a. The proposed Plaintiff class is so numerous that joinder of all individual members in this action is impracticable;

b. There are questions of law and/or fact common to the members of the proposed Plaintiff class;

c. The claims of Plaintiff, the representative of the proposed Plaintiff class, are typical of the claims of the proposed Plaintiff class; and

d. Plaintiff, the representative of the proposed Plaintiff class, will fairly and adequately protect the interests of the class.

12. In addition, upon information and belief, this action satisfies one or more of the requirements of Rule 23(b), Fed. R. Civ. P., because the questions of law and/or fact common to the members of the proposed Plaintiff class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

13. Upon information and belief, Defendants have employed numerous personnel as home health aides in the past three years.

14. Upon information and belief, the personnel that Defendants employs as home health aides have been mischaracterized as independent contractors.

15. Upon information and belief, many, if not all, of the mischaracterized employees frequently work over 40 hours a week and are not paid time and a half, as required by law.

ELECTRONICALLY FILED - 2025 Jun 30 4:53 PM - AIKEN - COMMON PLEAS - CASE#2025CP0201661

16. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and 29 U.S.C. § 216(b), because this action is based, in part, on the FLSA.

17. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, because Defendant is located within this judicial district and division, and the majority of unlawful labor practices giving rise to Plaintiff's claims were committed in the Aiken Division of this Court.

**FACTS**

18. Defendants CWCHC, CWCC, and CWCHA ("CWC Defendants") run a home health care company that provides home health services under the Department of Labor's EEOICPA Program.[1]

19. Under the EEOICPA Program, Department of Energy employees can receive home healthcare services to assist in caring for injuries they suffered in service of nuclear facilities in the United States of America.

20. Defendant Smith is the President of the CWC Defendants.

21. Defendant Martin is the Director of the CWC Defendants.

22. Plaintiff is a home heath worker who worked for Defendants beginning in or about 2020 caring for her husband, Mike Moulton, a former nuclear worker who receives home health care services through the EEOICPA Program.

23. During the period of Plaintiff's employment, the exact number of hour she worked varied from week to week.

---

[1] Congress passed the Energy Employees Occupational Illness Compensation Program Act of 2000, as amended (EEOICPA) 42 U.S.C. § 7384 *et seq.* The DOL designates the portion of the Act applicable to Department of Energy employees "Division of Energy Employees Occupational Illness Compensation" (DEEOIC).

ELECTRONICALLY FILED - 2025 Jun 30 4:53 PM - AIKEN - COMMON PLEAS - CASE#2025CP0201661

24. On information and belief, Defendants are in possession of time and/or payment records for Plaintiff and all other Class Members employed that work or worked as home health workers for Defendants during the relevant period.

25. At all times during the relevant period, Defendants had actual knowledge of all hours Plaintiff and all other Class Members worked as home healthcare workers for Defendants each shift through Home Health Aide Shift Reports.

26. At no time during the relevant period did Defendants ever pay Plaintiff or any other Class Member working as a home health worker any wages or any other form of compensation for hours worked for Defendants.

27. During the Relevant Period, Defendants controlled all aspects of the job duties performed by Plaintiff and all other Class Members working for Defendants as home health workers through employment rules and workplace policies.

28. During the Relevant Period, Defendants controlled the method by which Plaintiff and all other Class Members working for Defendants as home health workers for Defendants by establishing hours of work, policies and procedures, providing equipment necessary to perform their tasks, and other methods.

29. During the Relevant Period, Defendants hired Plaintiff and all other Class Members working for Defendants as home health workers and had the ability to discipline them, fine them, fire them, and adjust their work schedules.

30. During the relevant period, Defendants supervised the duties of Plaintiff and all other Class Members working for Defendants as home health workers to make sure their job performance was of sufficient quality.

ELECTRONICALLY FILED - 2025 Jun 30 4:53 PM - AIKEN - COMMON PLEAS - CASE#2025CP0201661

31. Prior to or during the relevant period, Defendants conducted initial interviews and vetting procedures for Plaintiff and other Class Members working for Defendants as home health workers and, at Defendants' sole discretion, Defendants' management and/or ownership could deny any Plaintiff or any other Class Member working or seeking to work as a home health worker access or ability to work for Defendants.

32. During the relevant period, Defendants had the right to suspend or send Plaintiff or any other Class Member working for Defendants as a home health worker if Plaintiff or other Class Member violated Defendants' rules or policies or if Defendants' ownership or management, at its discretion, did not want Plaintiffs or any other Class Member working as home health workers.

33. During the relevant period, Defendants did not require Plaintiff or any other Class Member working or seeking to work as a home health worker to possess any requisite certification, education, or specialized training.

34. During the relevant period, Defendants were in the business of operating a home health company featuring home health workers.

35. During the relevant period, it was the primary job duty of Plaintiff and all other Class Members working at or in Defendants' club to perform as home health workers for Defendants' customers.

36. Upon information and belief, Defendants billed the United States of America at least a hundred dollars an hour for the services of its home health workers.

ELECTRONICALLY FILED - 2025 Jun 30 4:53 PM - AIKEN - COMMON PLEAS - CASE#2025CP0201661

37. During the relevant period, Defendants only paid their home health workers between $10-12 an hour and did not pay overtime compensation for hours worked over 40 hours per week.

38. On information and belief, Defendants and their management had actual or constructive knowledge that Plaintiff and other Class Members working as home health workers were employees and not independent contractors.

39. On information and belief, during the relevant period, Defendants and their management had actual or constructive knowledge that Plaintiff and all other Class Members working for Defendants as home health workers were Defendants' "employees" and were not "independent contractors" and were owed and should have been paid minimum wage compensation as required by the FLSA.

40. Plaintiff is pursuing this action against Defendants as a Collective Action under FLSA Section 216(b), on behalf of herself and all other Class Members that work or worked for Defendants as home health aides for Defendants during the relevant period.

41. Plaintiff and the Class Members are similarly situated because (i) each worked for Defendants as home health workers during the relevant period; (ii) each were misclassified by Defendants as non-employee independent contractors during the relevant period; and (iii) each were not paid any wages or other compensation by Defendants for hours worked for Defendants as home health workers during the relevant period.

42. Plaintiff's damages are substantially similar to the other Class Members because, under the FLSA (i) each is now owed overtime compensation for all hours

ELECTRONICALLY FILED - 2025 Jun 30 4:53 PM - AIKEN - COMMON PLEAS - CASE#2025CP0201661

worked over 40 per week and each shift worked during the relevant period; and (ii) each is now owed payment by Defendants for all hours worked as home health workers for Defendants during the relevant period in an amount equal to the Federal Minimum Wage, $7.25 per hour.

43. On information and belief, Defendants are in custody, possession, and control of identifying records relating to all Class Members.

**FOR A FIRST CAUSE OF ACTION**
**(AS TO CWC DEFEDNANTS ONLY)**
(Fair Labor Standards Act—Failure to Pay Overtime Wages)
(Individual and Collective Action, 29 U.S.C. § 201 *et seq.*)

44. All prior allegations not inconsistent herewith are hereby realleged as fully and effectually as is set forth herein verbatim.

45. The CWC Defendants are an "employer" for purposes of the FLSA, 29 U.S.C. § 203(d).

46. Plaintiff and the members of Plaintiff class were employees of the CWC Defendants for purposes of the FLSA during times relevant to this Complaint. Plaintiff was not exempt from receiving the FLSA overtime benefits, because Plaintiff's position did not meet criteria for an "executive," "administrative," or "professional" employee exemption, as those terms are defined under the FLSA. *See* 29 C.F.R. 213 (a)(1). Said class includes but is not limited to the CWC Defendants' home health workers.

47. The FLSA requires that covered employees receive overtime compensation "not less than one and one-half times" the employee's regular rate of pay for all hours worked over forty (40) hours in a workweek. *See* 29 U.S.C. § 207(a).

ELECTRONICALLY FILED - 2025 Jun 30 4:53 PM - AIKEN - COMMON PLEAS - CASE#2025CP0201661

48. The CWC Defendants failed to pay Plaintiff and the members of Plaintiff class at the rate of one and one-half times their normal rate of pay for all hours worked in excess of forty (40) hours in a workweek.

49. During all times relevant to this complaint, the CWC Defendants repeatedly violated the FLSA with respect to Plaintiff and members of Plaintiff class by failing to compensate Plaintiff and members of Plaintiff class at the rate of one and one-half times Plaintiff and members of Plaintiff's class for all hours worked in excess of forty (40) hours in a workweek.

50. Plaintiff and members of Plaintiff class are also entitled to an award of back pay at their regular hourly rate or their overtime rate, as appropriate compensation for all time spent in working for the CWC Defendants, which was wrongfully excluded by the CWC Defendants in calculating their compensable time.

51. The failure of the CWC Defendants to compensate Plaintiff and members of Plaintiff class for overtime work, as required by the FLSA was knowing, willful, intentional, and done in bad faith.

52. Plaintiff and members of Plaintiff class are entitled to liquidated damages equal to the amount of overtime compensation and unpaid compensation due to them under the FLSA, pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

53. The work and pay records of Plaintiff and members of Plaintiff's class are in the possession, custody, and/or control of Defendant, and Defendant is under a duty pursuant to Section 11(c) of the FLSA, 29 U.S.C. § 211(c), and pursuant to regulations of the United States Department of Labor to maintain and preserve such payroll and other employment records from which the amount of CWC Defendant's liability can be

ELECTRONICALLY FILED - 2025 Jun 30 4:53 PM - AIKEN - COMMON PLEAS - CASE#2025CP0201661

ascertained. Plaintiff requests an order of this Court requiring the CWC Defendants to preserve such records during the pendency of this action.

54. Plaintiff and members of Plaintiff class are also entitled to an award of reasonable attorney's fees and costs incurred in prosecuting this action, pursuant 29 U.S.C. § 216(b).

**FOR A SECOND CAUSE OF ACTION**
**(AS TO ALL DEFENDANTS)**
(South Carolina Payment of Wages Act)
(Individual and Class Action)

55. Plaintiff repeats and realleges each and every allegation of Paragraphs One through Forty-Three as if restated herein verbatim.

56. Defendants are "employers" as defined by the South Carolina Payment of Wages Act, S.C. Code Ann § 41-10-10(1).

57. Defendants employed Plaintiff and the members of the Plaintiff class within the State of South Carolina.

58. Defendants owe Plaintiff and the members of the Plaintiff class "wages" as defined in Section 41-10-10(2) of the Act, to compensate them for labor rendered to Defendants, vacation, holiday, sick leave, and benefits due to an employee, as required by law.

59. Defendants have failed to pay Plaintiff and the members of the Plaintiff class all wages due, as required by sections 41-10-10(2), 41-10-40, and 41-10-50 of the Act.

60. Agents and officers of the CWC Defendants are individually liable to Plaintiff and the members of the Plaintiff class under the South Carolina Payment of Wages Act.

ELECTRONICALLY FILED - 2025 Jun 30 4:53 PM - AIKEN - COMMON PLEAS - CASE#2025CP0201661

61. Defendant Smith knowingly permitted the CWC Defendants to characterize Plaintiff and the members of the Plaintiff class as independent contractors.

62. Defendant Martin knowingly permitted the CWC Defendants to characterize Plaintiff and the members of the Plaintiff class as independent contractors.

63. Defendant Babatope knowingly permitted the CWC Defendants to characterize Plaintiff and the members of the Plaintiff class as independent contractors.

64. In fact, Defendants Smith, Martin, and Babatope designed the CWC Defendants to avoid paying Plaintiff and members of the Plaintiff class the wages that they were due.

65. Upon information and belief, Defendants failed to provide the statutorily-required terms of employment to Plaintiff and the members of the Plaintiff class, as required by section 41-10-30 of the Act.

66. Defendants' failure to pay Plaintiff and the members of the Plaintiff class all wages due is willful, without justification, and in violation of the duty of good faith and fair dealing.

67. Pursuant to Section 41-10-80(c) of the Act, Plaintiff and the members of the Plaintiff class are entitled to recover in this action an amount equal to three times the full amount of their unpaid wages, plus costs and reasonable attorney's fees.

**WHEREFORE**, having fully set forth their allegations against Defendants, Plaintiff respectfully requests that the Court enter judgment for the following relief:

a) An order authorizing the sending of appropriate notice to current and former employees of Defendants' staff who are potential members of the collective action under the FLSA;

ELECTRONICALLY FILED - 2025 Jun 30 4:53 PM - AIKEN - COMMON PLEAS - CASE#2025CP0201661

b) A declaratory judgment that Defendants have willfully and in bad faith violated the overtime compensation provisions of the FLSA, and has deprived Plaintiff and the members of the Plaintiff class of their rights to such compensation;

c) An order requiring Defendants to provide a complete and accurate accounting of all the overtime compensation and other compensation to which Plaintiff and the members of the Plaintiff class are entitled;

d) An award of monetary damages to Plaintiff and the members of the Plaintiff class in the form of back pay for overtime compensation and other compensation due, together with liquidated damages in an equal amount;

e) Injunctive relief ordering Defendants to amend its wage and hour policies to comply with applicable laws;

f) Pre-judgment interest; and,

g) An order certifying a class action under Rule 23 of the Federal Rules of Civil Procedure to remedy the class-wide violations of the South Carolina Payment of Wages Act.

[*Signature page to follow.*]

ELECTRONICALLY FILED - 2025 Jun 30 4:53 PM - AIKEN - COMMON PLEAS - CASE#2025CP0201661

s/ Sarah J.M. Cox
Jack E. Cohoon (State Bar No.: 74776)
Sarah J.M. Cox (State Bar No.: 104316)
Lydia Robins Hendrix (State Bar No.: 106334)
BURNETTE SHUTT & MCDANIEL, PA
912 Lady Street, Second Floor
Columbia, South Carolina 29201
Telephone: 803.904.7930
Facsimile: 803.904.7910
jcohoon@burnetteshutt.law
scox@burnetteshutt.law
lhendrix@burnetteshutt.law

**ATTORNEYS FOR PLAINTIFF**

June 30, 2025

Columbia, South Carolina

ELECTRONICALLY FILED - 2025 Jul 01 11:12 AM - AIKEN - COMMON PLEAS - CASE#2025CP0201661

**CONSENT TO JOIN LAWSUIT AND PROSECUTE CLAIMS UNDER THE FLSA**

I, Sheryl Moulton, being over eighteen (18) years of age and of sound mind, hereby affirm my consent to join this lawsuit and for my attorneys, on my behalf, to prosecute my claims in this action and to recover unpaid wages and damages under the Fair Labor Standards Act ("FLSA").

Sheryl Moulton

06 / 30 / 2025

Signature

Date/Time

Dropbox Sign

Audit trail

| | |
|---|---|
| **Title** | Consent to Join.pdf |
| **File name** | Consent%20to%20Join.pdf |
| **Document ID** | 9f575cc4aad671fac6f3d469f4b19a18d7fc05bf |
| **Audit trail date format** | MM / DD / YYYY |
| **Status** | Signed |

**This document was requested from app.clio.com**

## Document History

| | | |
|---|---|---|
| SENT | **06 / 30 / 2025** 13:18:50 UTC | Sent for signature to Sheryl Moulton (shemoulton@gmail.com) from scox@burnetteshutt.law IP: 4.37.158.114 |
| VIEWED | **06 / 30 / 2025** 19:37:05 UTC | Viewed by Sheryl Moulton (shemoulton@gmail.com) IP: 174.201.179.54 |
| SIGNED | **06 / 30 / 2025** 19:37:58 UTC | Signed by Sheryl Moulton (shemoulton@gmail.com) IP: 174.201.179.54 |
| COMPLETED | **06 / 30 / 2025** 19:37:58 UTC | The document has been completed. |



ELECTRONICALLY FILED - 2025 Jul 01 11:12 AM - AIKEN - COMMON PLEAS - CASE#2025CP0201661