IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| SHERYL MOULTON, INDIVIDUALLY, AND ON BEHALF OF ALL OTHER SIMILARLY-SITUATED INDIVIDUALS,<br><br>Plaintiff,<br><br>v.<br><br>COLD WAR CITIZENS CARE, LLC; COLD WAR CITIZENS HEALTHCARE OF AMERICA; COLD WAR CITIZENS HEALTH CARE, LLC; OLIN MARTIN, DAVID BABATOPE, AND JACOB T. SMITH,<br><br>Defendants. | Case No.: 1:25-cv-09891 |

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

Defendants Cold War Citizens Care, LLC, Cold War Citizens Healthcare of America, Cold War Citizens Health Care, LLC (together "Corporate Defendants"), Olin Martin, David Babatope, and Jacob T. Smith (together "Individual Defendants") (collectively "Defendants") move to dismiss Plaintiff Sheryl Moulton's ("Moulton" or "Plaintiff") claims pursuant to Federal Rule of Civil Procedure 12(b)(6) and Rule 7.01 of the Local Rules of Civil Practice for the United States District Court for the District of South Carolina.

I. **STATEMENT OF THE CASE**

On June 30, 2025,[1] Plaintiff filed this action alleging Corporate Defendants failed to pay overtime compensation due to her under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. With regards to her FLSA claims, Plaintiff's Complaint requests the Court permit the action to proceed as an "opt in" collective action under 29 U.S.C. § 216(b). (D.E. 1-1, ¶¶ 1, 10). In

---

[1] On August 6, 2025, Defendants timely removed this action to this Court pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446. (D.E. 1).

addition, Plaintiff states she also seeks to recover "remedies" against all Defendants under the South Carolina Payment of Wages Act ("SCPWA"), S.C. Code § 41-10-10, *et seq*. (*Id.* ¶ 2). In other words, Plaintiff's state-law claim, like Plaintiff's claim under the FLSA, seeks to recover overtime wages to which Plaintiff alleges she and the putative class are legally entitled, but which Plaintiff claims have not been paid due to Plaintiff's independent contractor status. (*Id.* ¶ 13).

However, given the identical nature of Plaintiff's FLSA and SCWPA claims, Plaintiff's SCWPA claim fails because the FLSA preempts state-law claims for unpaid overtime wages. As such, Plaintiff cannot assert claims, whether on behalf of herself or putative class members, for disputed overtime wages under the SCWPA, and her SCPWA claims against Defendants for such wages must be dismissed under Fed. R. Civ. P. 12(b)(6). More broadly, Plaintiff's ambiguous and vague pleading, often relying on catch-all references to generalized, nondescript acts by "Defendants," amounts to nothing more than an impermissible shotgun pleading, which, alone, serves as independent grounds for dismissal of Plaintiff's Complaint.

## II.     RELEVANT BACKGROUND[2]

Plaintiff alleges Corporate Defendants run a home health care company that provides health services. (D.E. 1-1, ¶ 18). Corporate Defendants expressly admit that each is and was an employer within the meaning of the FLSA and an enterprise within the meaning of the FLSA during the relevant time period. (*Id.* ¶ 45).[3] Plaintiff identifies Defendant Jacob Smith ("Smith")

---

[2] Defendants dispute many of the facts asserted in the Complaint, including, for example, whether Plaintiff qualifies as an employee as alleged. However, consistent with Rule 12(b)(6), this Factual Background derives from the facts asserted in Plaintiff's Complaint, which are accepted as true for purposes of this Motion. *See Chester v. Adams Auto Wash, Inc.*, 2014 WL 267095, at *1 (E.D.N.C. Jan. 24, 2014) (reciting and accepting as true facts alleged in complaint for purposes of order).

[3] While Corporate Defendants admit to qualifying as employers under the FLSA, Defendants expressly deny that Plaintiff and the alleged putative collective and/or class members were, at any time, employees of any Defendant.

as President of Corporate Defendants and Defendant Olin Martin ("Martin") as Director of Corporate Defendants. (*Id.* ¶¶ 20-21). Plaintiff does not identify Defendant David Babatope's association or role with any Corporate Defendant. (*See generally id.*).

As pled in the Complaint, Plaintiff and putative collective/class members are/were home health workers. (*Id.* ¶¶ 22, 26). Plaintiff asserts she and similarly situated workers were paid an hourly rate of $10 to $12 per hour worked for Defendants. (*Id.* ¶ 37). However, Plaintiff contends that as a result of Defendant classifying Plaintiff and putative collective/class members as independent contractors, Defendants did not pay premium overtime compensation for hours worked over forty (40) per week. (D.E. 1-1, ¶ 37). Plaintiff contends she and putative collective/class members were improperly classified as independent contractors and were entitled to overtime wages. (*Id.* ¶¶ 38, 41-42).

As a result, Plaintiff has initiated the instant lawsuit, the purpose of which Plaintiff has summarized as follows:

> 1. Plaintiff Sheryl Moulton is a home health worker who worked for Defendants in Aiken, South Carolina. This is an action brought individually and as a collective action for *unpaid overtime compensation*, liquidated damages, attorney's fees, and for other relief under the [FLSA]. The collective action provisions under the FLSA provide for opt-in class participation.
>
> 2. Plaintiffs *also seek remedies* under South Carolina law against Defendants on an individual and class-wide basis. Those claims are proposed as opt-out class claims under Rule 23 of the Federal Rules of Civil Procedure.

(*Id.* ¶¶ 1-2, Nature of the Action) (emphasis added). This matter is now before this Court on Defendants' Motion to Dismiss ("Motion") pursuant to Federal Rule of Civil Procedure 12(b)(6).

### III.    ARGUMENT AND AUTHORITIES

#### A.    Standard of Review

A primary purpose of Rule 12(b)(6) is to weed out claims that do not warrant discovery because, based on the factual scenario on which the case rests, the plaintiff could never win. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Regents of Univ. of Cal. v. Willis Towers Watson PLC*, 937 F.3d 297, 312 n.2 (4th Cir. 2019) (Quattelbaum, J., dissenting). When deciding a motion to dismiss pursuant to Rule 12(b)(6), courts must accept the well-pleaded factual allegations in the complaint as true. *See Lambeth v. Bd. of Comm'rs.*, 407 F.3d 266, 268 (4th Cir. 2005). However, the Court is neither bound to follow the legal conclusions offered in a complaint nor required to "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008) (internal quotation omitted). Bare assertions of legal conclusions or formulaic recitations of the elements of a claim are not entitled to be assumed true. *Ashcroft*, 556 U.S. at 681. To withstand a Rule 12(b)(6) motion, a plaintiff's allegations must provide "enough facts to state a claim to relief that is plausible." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). As demonstrated below, Plaintiff's Complaint fails to meet this legal standard.

#### B.    Plaintiff's Complaint Is an Impermissible Shotgun Pleading that Should Be Summarily Dismissed in Full.

A "shotgun pleading" is "[a] complaint that fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading." *Hill v. Stryker Sales Corp.*, 2014 WL 4198906, at *2 (D.S.C. Aug. 20, 2014) (*quoting SunTrust Mortgage, Inc. v. Old Second Nat. Bank*, 2012 WL 1656667 (E.D. Va. May 10, 2012)). Courts warn against allowing shotgun pleadings to proceed, because "it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Id.* (quoting *Anderson v. Dist. Bd. of Trustees of Cent. Florida*

*Cmty. Coll.,* 77 F.3d 364, 366 (11th Cir. 1996)); *see also Frantz v. Walled*, 513 Fed. Appx. 815, 820 (11th Cir. 2013) (same); *Grant v. Peter Wolf & Assocs. PC*, 2023 WL 6307404, at *8 (D.S.C. Sept. 28, 2023) (finding pro-se plaintiff's complaint was an impermissible shotgun pleading where it summarily referenced "all Defendants" in the causes of action and did not specify the conduct to which she was referring or how a particular defendant may be liable and dismissing complaint with prejudice).

Plaintiff's Complaint contains all of the hallmarks of a shotgun pleading and should be dismissed. For example, even though some claims are pleaded as to all Defendants and others are pleaded as to only Corporate Defendants, the underlying allegations uniformly (and nonspecifically) state "Defendants," without prescribing any specific act or injury to any particular Defendant. For example, while Plaintiff asserts as "fact," "Defendants controlled all aspects of the job duties performed by Plaintiff and all other Class Members working for Defendants as home health workers through employment rules and workplace policies," (D.E. ¶ 27), Plaintiff provides no detail as to how each Defendant may be considered her employer, details that are necessary given the fact that Plaintiff, who provided independent contractor services in South Carolina, has asserted claims against multiple corporate entities and individuals, most of whom reside in other states. Allowing Plaintiff's claims to proceed, without Defendants or the Court knowing the specific wrong or act Plaintiff seeks to tie to each Defendant for each claim, would "water down the rights of parties to have valid claims litigated efficiently and waste scarce judicial resources." *United States v. Premier Med., Inc.*, 2023 WL 9060896, at *14 (D.S.C. Sept. 28, 2023) (but finding no shotgun pleading where factual allegations contained detailed allegations under subheadings, including "Scheme to Defraud Georgia Medicaid," which clearly related to claims under Georgia

Medicaid False Claims Act"). Accordingly, Plaintiff's Complaint should be dismissed with prejudice as to all claims.

### C. Plaintiff's SCPWA Claim Must Be Dismissed Because It Is a Claim for Unpaid Overtime that Relies upon the Same Allegations as Her FLSA Claim, and Such SCPWA Claims Are Preempted by the FLSA.

In support of her SCPWA claim, Plaintiff alleges "Defendants" failed to pay Plaintiff all "wages" due as defined in Section 41-10-10(2) and then quotes said section as including "vacation, holiday, sick leave, and benefits due to an employee, as required by law." (*See* D.E. 1-1, ¶¶ 58-59). As the factual allegations outline, though, Plaintiff only alleges Defendants failed to compensate Plaintiff and members of the putative collective/class overtime wages[4]—Plaintiff's factual allegations do not identify any other category of "wage" (*e.g.*, vacation, holiday, sick leave, or benefits) due or owed to Plaintiff or putative class members. (*Id.* ¶¶ 18-43).

Thus, the doctrine of preemption applies to Plaintiff's SCPWA claims, which, as pleaded here, merely duplicate her overtime claims asserted under the FLSA. *See Meller v. Wings Over Spartanburg, LLC*, 2016 WL 1089382, at *4 (D.S.C. Mar. 21, 2016) (*citing Anderson v. Sara Lee Corp.*, 508 F.3d 181, 194 (4th Cir. 2007)) (stating "the law is clear in the Fourth Circuit that state-law claims duplicating FLSA claims are preempted"); *Seagram v. David's Towing & Recovery, Inc.*, 62 F. Supp. 3d 467, 477–78 (E.D. Va. 2014) ("[Plaintiff] is attempting to assert a claim for unpaid wages, which clearly falls within the FLSA's exclusive remedies" and plaintiff "cannot circumvent the exclusive remedy prescribed by Congress by asserting equivalent state law claims

---

[4] While Plaintiff makes a singular reference to an alleged failure to pay minimum wage (but simultaneously asserts conflicting allegations stating Defendants *did* compensate Plaintiffs an hourly rate greater than minimum wage), the presence of a minimum wage claim—a remedy also provided for by the FLSA—does not change the analysis herein. (*Compare* D.E. ¶ 42 (alleging Plaintiff and putative class members are owed for all hours worked in an amount equal to the federal minimum wage)*, with id.* ¶ 37 (alleging Defendants compensated Plaintiff and putative class members $10-12 an hour but did not pay overtime compensation for hours worked over 40 per week).

6

in addition to the FLSA claim"); *Quickley v. Univ. of Maryland Med. Sys. Corp.*, 2012 WL 4069757, at *7 (D. Md. Sept. 14, 2012) (citing *Anderson*, 508 F.3d at 194–95) (interpreting *Anderson* as holding "the FLSA provided the exclusive remedies for FLSA violations, thereby preempting any available state law damages[.]").

In *Anderson*, the Fourth Circuit addressed whether the FLSA preempted the plaintiffs' state law claims of breach of contract, negligence, and fraud claims based on allegations that the defendant employer falsely represented it would pay the plaintiffs for all time compensable under the FLSA. 508 F.3d at 192 (citation omitted). The court determined the state law claims asserted by the plaintiff "all depend on establishing that [the defendant] violated the FLSA" and "essentially require the same proof as claims asserted under the FLSA itself." *Id.* at 193-194. Based on these findings, and where the plaintiffs "rel[ied] on the FLSA for their rights, and . . . invoke[d] state law only as a source of remedies for the alleged FLSA violations," the court ruled the FLSA preempted the plaintiffs' state claims and provided the exclusive remedy for violations of its provisions. *Id.* at 194 (internal citation omitted).

The same is true here. Plaintiff bases her SCPWA claim on the contention that Defendants misclassified Plaintiff and putative class members and, as a result, failed to pay Plaintiff and putative class members all overtime wages owed under the FLSA.[5] The Complaint makes Plaintiff's reliance on the FLSA explicit, alleging specific violatory acts under only the FLSA and likewise merely stating she "also seeks *remedies*" under South Carolina law. (D.E. 1-1, ¶ 1-2). As

---

[5] While Plaintiff also alleges Defendants failed to provide the statutorily-required terms of employment to Plaintiff and members of the putative class as required by § 41-10-30 of the SCWPA (D.E. 1-1, ¶ 65), no private right of action exists under this provision, and therefore, such allegation cannot serve as the basis for Plaintiff's SCWPA claim. *See Tarry v. Captain George's of S.C., LP*, 2020 WL 12787708, at *3 (D.S.C. Sept. 21, 2020) (holding no private right of actions for an employer's violation of §41-10-30 and dismissing plaintiff's SCPWA claims to the extent seek relief solely under this notice provision).

such, Plaintiff's SCPWA claim is not separate and distinct from her FLSA overtime claim and is preempted by federal law and must be dismissed. *See, e.g., Degidio v. Crazy Horse Saloon & Rest., Inc*, 2015 WL 5834280, at *4 (D.S.C. Sept. 30, 2015) ("[C]laims under the SCPWA that seek to recover minimum wages and overtime are preempted by the FLSA."); *McMurray v. LRJ Restaurants, Inc.*, 2011 WL 247906, at *2 (D.S.C. Jan. 26, 2011) (*citing Anderson v. Sara Lee Corp.*, 508 F.3d at 193) ("To the extent that Plaintiff seeks compensation under the Wage Act for overtime pay otherwise required by the FLSA or alleges that he received less than the federal minimum wage ... *Anderson* clearly provides that these claims are preempted by the FLSA and must be dismissed."); *Luna-Reyes v. RFI Constr. LLC*, 109 F. Supp. 3d 744, 752 (M.D.N.C. 2015) (noting the FLSA preempts NCWHA claims of overtime and minimum wage).

        1.      <u>Plaintiff Also Has Not Alleged Sufficient Facts that Would Establish All Defendants as Employers Under the SCPWA.</u>

The SCPWA defines "employer" as "every person, firm, partnership, association, corporation, receiver, or other officer of a court of this State, the State or any political subdivision thereof, and any agent or officer of the above classes employing any person in this State." S.C. Code § 41-10-10(1). While individuals can be held personally liable for violations of the SCPWA, Plaintiff has failed to allege any facts that Smith, Martin, and/or Babatope should be held liable in an individual capacity. South Carolina courts interpreting the Wage Payment Act have found that the legislature intended to impose individual liability on agents or officers who *knowingly* permitted their company to violate the Act. *Allen v. Pinnacle Healthcare Systems, LLC*, 394 S.C. 268 (Ct. App. 2011) (*citing Dumas v. InfoSafe Corp.*, 320 S.C. 188, 195 (Ct. App. 1995)).

Further demonstrating the insufficiency of Plaintiff's pleadings, Plaintiff has not pleaded facts that would establish any of the Individual Defendants as employers under the SCPWA. The only factual allegations asserted by Plaintiff referencing Martin or Smith identify these

8

individuals' titles with "Defendants," and Plaintiff does not allege any facts identifying Babatope as an agent or office of any Corporate Defendant. (D.E. ¶¶ 20-21). Thereafter, Plaintiff merely asserts in support of Count II (her SCPWA claim) that Defendants Smith, Martin, and Babatope "knowingly permitted the CWC Defendants to characterize Plaintiff and the member of the Plaintiff class as independent contractors," and that the Individual Defendants designed Corporate Defendants to avoid paying Plaintiff and members of the putative class wages due. (*Id.* ¶¶ 61-64).

Beyond identifying two of the Individual Defendants by name and title, Plaintiff has asserted nothing more than a simple recitation of an element of individual liability under the SCPWA, and such conclusory allegations are insufficient to survive dismissal at this stage. *See McMichael v. Addus Healthcare (S.C.), Inc.*, 2022 WL 4540950, at *3 (D.S.C. Aug. 29, 2022), *report and recommendation adopted*, 2022 WL 4540311 (D.S.C. Sept. 28, 2022) (The Court is not required to accept as true the legal conclusions set forth in a plaintiff's complaint and the presence of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint cannot support the legal conclusion.). Plaintiff has not provided any specific, individualized duty, act, or assumption of knowledge specific to any Individual Plaintiff beyond the elemental allegation that Individual Defendants had knowledge or played a some nondescript role in the alleged failure to pay Plaintiff owed wages. Accordingly, Plaintiff's SCPWA claims should be dismissed, and the Individual Defendants should be removed from the action.

### D. Plaintiff's SCPWA Rule 23 Class Allegations Should be Dismissed Because Plaintiff Has Failed to Allege Viable SCPWA Claims.

The factual allegations in the Complaint show Plaintiff's claim brought pursuant to the SCPWA is an express overtime claim based on the exact same allegations as her overtime claim under the FLSA. *See supra* III.C. Moreover, while Corporate Defendants deny violating the FLSA,

Corporate Defendants do not dispute that Plaintiff may pursue her claim under the FLSA in this action because Corporate Defendants are employers (albeit not Plaintiff's employer) covered by the FLSA.

Because the only claims asserted on behalf of the proposed Rule 23 class are those asserted under the SCPWA, which are not viable, Plaintiff's class allegations should be stricken from the Complaint as well. *See Shavin v. Precision Franchising, Inc.*, No. 7:23-cv-00822-D-BM, Doc. No. 21, at 2 (E.D.N.C. July 13, 2023) (Ex. A) (dismissing NCWHA claims as well as all class allegations relating to the dismissed claims); *Lomax v. Weinstock, Friedman & Friedman, P.A.*, 2014 WL 176779, at *5 n.9 (D. Md. Jan. 15, 2014) (dismissing the plaintiff's claims as subject to arbitration and finding that "[b]ecause the purported class in the instant case has not been certified, the class does not have a legal status separate from [plaintiff's] individual interest. … Her class claims, therefore, will be dismissed as well.") (citations omitted); *Stewart v. Legal Helpers Debt Resol., PLLC*, 2014 WL 31797, at *1 (W.D.N.C. Jan. 6, 2014) ("[W]hen the named plaintiff in a class action settles his or her individual claims or the individual claims become moot prior to the district court certifying a class, the district court should dismiss the class claims as moot because there is no case or controversy under Article III of the United States Constitution."); *Pettrey v. Enter. Title Agency*, Inc., 584 F.3d 701, 703 n. 1 (6th Cir.2009) (holding "because a class action had not been certified at the time the [named plaintiffs] settled their claims, this case is moot"); *Boatright v. Aegis Defense Svcs., LLC*, 938 F. Supp. 2d 602, 611 (E.D. Va. 2013) ("When the claims of named plaintiffs become no longer justiciable before class certification, the purported class action must be dismissed as moot.").

### IV. <u>CONCLUSION</u>

In sum, Plaintiff's shotgun pleading should be dismissed for failing to state with the requisite specificity the allegations asserted against Defendants. To the extent Plaintiff's

Complaint is not dismissed in full, where Plaintiff has failed to plead claims for distinct wages or compensation under the SCPWA, Plaintiff's Rule 23 Class SCPWA claims should be dismissed in entirety and as to all Defendants. Alternatively, and to the extent the Court is not inclined to dismiss Plaintiff's SCPWA claims in full, because Plaintiff has failed to allege sufficient facts to establish each Individual Defendant as an employer under the SCPWA, the claims against the Individual Defendants should be dismissed.

Respectfully submitted this 20th day of August 2025.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

*s/ Luci L. Nelson*
Luci L. Nelson, Fed. I.D. # 10341
Ogletree, Deakins, Nash,
Smoak & Stewart, P.C.
The Ogletree Building
300 North Main Street
Greenville, SC 29601
luci.nelson@ogletree.com

Kevin S. Joyner (N.C. Bar No. 25605)*
Charlotte C. Smith (N.C. Bar No. 53616)*
8529 Six Forks Road
Forum IV, Suite 600
Raleigh, North Carolina 27615
Telephone: 919.787.9700
Facsimile: 919.783.9412
Email: Kevin.Joyner@ogletree.com
Email: Charlotte.Smith@ogletree.com

*Attorneys for Defendants*

*Pro Hac Vice forthcoming

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS** has been served upon Plaintiff on this 20th day of August, 2025, by depositing a copy thereof in the United States Mail, with sufficient postage affixed thereto, addressed to her attorney of record as shown:

Jack E. Cohoon
Sarah J.M. Cox
Lydia Robins Hendrix
BURNETTE SHUTT & MCDANIEL, PA
912 Lady Street, Second Floor
Columbia, SC 29201
Telephone: 803.904.7930
Facsimile: 803.904.7910
jcohoon@burnetteshutt.law
scox@burnetteshutt.law
lhendrix@burnetteshutt.law

*Attorneys for Plaintiff*

*s/ Luci L. Nelson*
Attorney for Defendants