**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION**

| | |
|---|---|
| Sheryl Moulton, individually, and on behalf of all other similarly situated individuals,<br><br>Plaintiff,<br><br>v.<br><br>Cold War Citizens Care, LLC, Cold War Citizens Healthcare of America, Cold War Citizens Health Care, LLC, Olin Martin, David Babatope, and Jacob T. Smith,<br><br>Defendants. | C/A No.: 1:25-cv-09891-MGL<br><br><br><br>**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COMPLAINT** |

Plaintiff Sheryl Moulton, individually, and on behalf of all other similarly situated individuals ("Plaintiff") hereby submits her response in opposition to Defendants Cold War Citizens Care, LLC, Cold War Citizens Healthcare of America, Cold War Citizens Health Care, LLC, Olin Martin, David Babatope, and Jacob T. Smith ("Defendants") Motion to Dismiss Plaintiff's Complaint. (Dkt. No. 19.)

**INTRODUCTION**

Plaintiff is a home health worker who worked for Defendants in Aiken, South Carolina. This is an action brought individually and as a collective action for unpaid overtime compensation, liquidated damages, attorney's fees, and for other relief under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et. seq. ("FLSA"). The collective action provisions under the FLSA provide for opt-in class participation.

1

## ARGUMENT

### I. Standard of Review

To survive a motion to dismiss, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although Rule 8(a) does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678. A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### II. Plaintiff's Complaint is not an Impermissible Shotgun Pleading

A "shotgun pleading" is a pleading which "place[s] the Defendant in the unfair position of sorting through a slew of factual allegations trying to guess what harm is being alleged." *Hill v. Stryker Sales Corp.*, 2014 U.S. Dist. LEXIS 115793, *6 (D.S.C. Aug. 20, 2014). Here, Plaintiff's Complaint is far from a shotgun pleading and Defendants' Motion should be denied.

Plaintiff has sued Defendants Cold War Citizens Health Care, LLC ("Defendant CWCHC"), Cold War Citizens Care, LLC ("Defendant CWCC"), and Cold War Citizens Healthcare of America ("Defendant CWCHA") (collectively "the CWC Defendants") for violations of the Fair Labor Standards Act for failure to pay overtime compensation (Dkt. No. 1-1, ¶¶ 44-54.) Plaintiff sued the CWC Defendants and Defendants Olin Martin

("Defendant Martin"), David Babatope ("Defendant Babatope"), and Defendant Jacob T. Smith ("Defendant Smith") (collectively "the Individual Defendants") for violations of the South Carolina Payment of Wages Act for owed wages, vacation, holiday, sick leave, and benefits to Plaintiff and members of the Plaintiff class. (*Id.* ¶¶ 55-67.)

Defendants complain that there is no detail as to how each Defendant could be considered Plaintiff's employer but again, this is untrue. Plaintiff states plainly and concisely that the CWC Defendants are all doing business in Aiken County in the State of South Carolina as "Cold War Citizens Council." (*Id.* ¶¶ 4-6, 18.) The details of the corporate structure of these three corporations and how and why they act together to run Cold War Citizens Council in South Carolina when not registered to do business in South Carolina is a matter for discovery, not pleading. The Individual Defendants have been specifically described as individuals who permitted the CWC Defendants to mischaracterize Plaintiff and members of the Plaintiff class and also are the individuals who designed the CWC Defendants to avoid paying Plaintiff and members of the Plaintiff class the wages that they were due under the South Carolina Payment of Wages Act. (*Id.* ¶¶ 61-64.) No further detail is required to defend against these allegations, the Individual Defendants can admit or deny the claims in the Complaint in turn without trying to guess what harm is alleged. For example, if Defendant Martin did not knowingly permit the CWC Defendants to mischaracterize Plaintiff and the members of the Plaintiff class, he can deny that claim without knowing any more information about the allegation. Either Defendant Martin knew and permitted the CWC Defendants to operate without properly classifying their South Carolina employees, or he did not. There is no guessing required to respond to that allegation.

### III. The FLSA Does not Preempt Plaintiff's SCPWA Cause of Action

Plaintiff's SCPWA cause of action is not preempted by Plaintiff's FLSA cause of action because Plaintiff's SCPWA cause of action is not premised upon a failure to pay overtime. *See Nimmons v. RBC Ins. Holdings (USA) Inc.*, No. 6:07-cv-2637-GRA, 2007 U.S. Dist. LEXIS 94467, at *6-*7 (D.S.C. Dec. 27, 2007) ("[T]he FLSA preempts all state law causes of action premised upon failure to pay overtime.").

The Fourth Circuit Court of Appeals has held that "Congress prescribed exclusive remedies in the FLSA for violations of its mandates," and state law claims are "preempted by the FLSA where those claims . . . merely duplicate[] FLSA claims." *Anderson v. Sara Lee Corp.*, 508 F.3d 181, 194 (4th Cir. 2007). However, the FLSA provides a floor for minimum wage and overtime and contains a savings clause stating that "[n]o provision of this Act or of any order thereunder shall excuse noncompliance with any Federal or State law or municipal ordinance establishing a minimum wage higher than the minimum wage established under this Act or a maximum work week lower than the maximum work week established under this Act." 29 U.S.C. § 218(a). Accordingly, the FLSA does not prevent states from creating a parallel regulatory scheme that provides additional protections for employees. *See id.* Moreover, claims that are "separate and distinct" from a plaintiff's FLSA claims are not preempted by the FLSA. *See, e.g., Martinez-Hernandez v. Butterball, LLC*, 578 F. Supp. 2d 816, 820 (E.D.N.C. 2008) (applying this analysis to a claim alleging violation of the North Carolina Wage and Hour Act); *Anderson*, 508 F.3d at 194 (preempting state law claims only where they state a claim under the FLSA).

Here, the SCPWA both creates a right and a means of enforcing that right that provides additional remedies not available under the FLSA, such as the employee's

4

recovery for three times the amount owed, plus costs and reasonable attorney's fees. S.C. Code Ann. § 41-10-80. Furthermore, Plaintiffs' SCPWA claims are separate and distinct from their FLSA claim because they are seeking unpaid overtime wage payments that are based upon an agreed-upon hourly rate, pursuant to their fixed hourly rate, which is higher than the federal minimum wage rate. (Dkt. No. 1-1, ¶ 37.) Moreover, several of Plaintiff's SCPWA claims are unrelated to their overtime wage claims, specifically their allegations of Defendants' failure to provide Plaintiffs with the proper notice at the time of hiring, a timely written notice of any changes in their terms of employment, and wage statements for each pay period. (*Id.* ¶ 65; *see* S.C. Code Ann. § 41-10-30.)

Plaintiff's FLSA cause of action seeks remedies against Defendants for their willful failure to pay overtime wages. (Dkt. No. 1-1, ¶¶ 44-54.) In contrast, Plaintiff's SCPWA cause of action seeks remedies against Defendants for Defendants' willful failure to pay Plaintiff and similarly situated individuals all "wages" due, as defined in section 41-10-10(2) of the SCPWA, including "vacation, holiday, sick leave, and benefits due to an employee, as required by law." (*Id.* ¶¶ 55-67.) Plaintiff's SCPWA claim does not seek to recover unpaid overtime wages and it does not refer to unpaid overtime wages. (*Id.*) Moreover, Paragraph 55 of the Complaint does not incorporate any of the allegations from Plaintiff's FLSA cause of action. (*Id.*)

Defendants assert that Plaintiff brought this action seeking unpaid overtime compensation (Dkt. No. 19-1, pp. 9-10); however, Plaintiff also brought this action seeking relief for other sources of unpaid wages, including "vacation, holiday, sick leave, and benefits due to an employee"—relief that the FLSA does not afford. Plaintiff's SCPWA cause of action is not premised upon a failure to pay overtime, and as such, it is not

preempted by the FLSA. *Nimmons*, at *6-*7. Accordingly, this Court should deny Defendants' motion to dismiss because Plaintiff's SCPWA claim is not preempted by the FLSA.

The Complaint alleges that Defendants willfully misclassified Plaintiff and other similarly situated individuals as independent contractors, and that under the SCPWA, Defendants failed to pay Plaintiff and similarly situated individuals "wages" as defined by the SCPWA, including paid time off, "vacation, holiday, sick leave, and benefits due an employee, as required by law." (Dkt. No. 1-1, ¶ 58.) Under the SCPWA, "wages" include "vacation, holiday, and sick leave payments which are due to an employee under any employer policy or employment contract." S.C. Code Ann. § 41-10-10(2). The law, i.e. the SCPWA, requires payment of these wages "under any employer policy or employment contract"; thus, Plaintiff's allegation that Defendant failed to pay wages "as required by law" necessarily implies that either an employment contract or employer policy entitles her and others to such wages.

Ultimately, Plaintiff will be unable to recover twice for the same injury, but she may be entitled to the additional types of relief afforded by the SCPWA. *See, e.g., Butler v. DirectSat USA, LLC*, 800 F. Supp. 2d 662, 672 (D. Md. 2011) (conducting a similar analysis under the Maryland Wage and Hour Law). Because the SCPWA is broader than the FLSA in that it is not limited to controversies involving minimum wage and overtime but applies to all wages due, and because Plaintiff's SCPWA claims are separate and distinct from Plaintiff's FLSA claims, they are not preempted by the FLSA.

In the alternative, if this Court determines Plaintiff's Complaint does not provide sufficient detailed factual allegations, this Court should allow Plaintiff the opportunity to

amend the Complaint, as such an amendment would not be futile and Defendants would not be prejudiced by such an amendment.

### IV. Plaintiff has alleged sufficient facts that would establish all Defendants as Employers under the SCWPA.

Defendants complain that Plaintiff has not allege sufficient facts to hold the Individual Defendants liable to Plaintiff under the SCPWA in an individual capacity. Per the SCPWA, "Employer" means every person, firm, partnership, association, corporation, receiver, or other officer of a court of this State, the State or any political subdivision thereof, and any agent or officer of the above classes employing any person in this State." S.C. Code Ann. § 41-10-10. Under the SCPWA, the Legislature intended to impose individual liability on agents or officers of a corporation who knowingly permit their corporation to violate the Act. *See Dumas v. InfoSafe Corp*., 320 S.C. 188, 463 S.E.2d 641, 1995 S.C. App. LEXIS 140 (S.C. Ct. App. 1995).

While Plaintiff did not state clearly that the three Individual Defendants were each agents or owners of the CWC Defendants, Plaintiff has alleged that the Individual Defendants not only knowingly permitted the CWC Defendants to violate the law, they also <u>designed</u> the CWC Defendants to avoid paying Plaintiff and members of the Plaintiff class the wages they are due. (Dkt. No. 1-1, ¶¶ 61-64.) There is no requirement in the law to say more than this in a pleading to establish a claim for which relief can be granted.

### CONCLUSION

WHEREFORE, for the reasons set forth above, the Plaintiff respectfully prays that the Court deny Defendants' Motion to Dismiss.[1]

---

[1] To the extent the Court grants Defendants' Motion in whole or in part, the Plaintiff requests that Plaintiff be granted leave to amend.

<u>s/ Sarah J.M. Cox</u>
Jack E. Cohoon (Fed. ID 9995)
Sarah J.M. Cox (Fed. ID 13166)
Lydia Robins Hendrix (Fed. ID 14192)
BURNETTE SHUTT & McDANIEL, PA
912 Lady Street, 2nd Floor (29201)
Post Office Box 1929
Columbia, South Carolina 29202
T: 803.904.7930
F: 803.904.7910
jcohoon@burnetteshutt.law
scox@burnetteshutt.law
lhendrix@burnetteshutt.law

**ATTORNEYS FOR PLAINTIFF**

September 17, 2025

Columbia, South Carolina