IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| SHERYL MOULTON, INDIVIDUALLY, AND ON BEHALF OF ALL OTHER SIMILARLY-SITUATED INDIVIDUALS, <br><br> Plaintiff, <br><br> v. <br><br> COLD WAR CITIZENS CARE, LLC; COLD WAR CITIZENS HEALTHCARE OF AMERICA; COLD WAR CITIZENS HEALTH CARE, LLC; OLIN MARTIN, DAVID BABATOPE, AND JACOB T. SMITH, <br><br> Defendants. | Case No.: 1:25-cv-09891 |

**REPLY TO PLAINTIFF'S RESPONSE TO
DEFENDANTS' MOTION TO DISMISS**

Plaintiff argues her South Carolina Wage Payment Act ("SCPWA") claim should survive Defendants' Motion to Dismiss because the claim is separate and distinct from her Fair Labor Standards Act ("FLSA") claim. However, Plaintiff's Response underscores that the only thing Plaintiff seeks is alleged unpaid overtime. This is exactly what is preempted by the SCPWA (as Plaintiff acknowledges). Plaintiff's Response does nothing to salvage her SCPWA claim, and it should be dismissed.

**I.  Argument**

    **A.  Plaintiff's Response Makes Clear Her SCPWA Claim Is Based on Alleged Unpaid Overtime and Is, Thus, Preempted by the FLSA**

This is an FLSA misclassification case. Plaintiff, a home health aide who provides care to her own husband in her own home, alleges Defendants misclassified her as an independent contractor instead of an employee and, as a result, failed to pay her overtime. (Compl. ¶¶ 1, 18, 22, 38, 39, 46, 48.) In her Response, Plaintiff attempts to argue her SCPWA claim is "separate and

distinct" from the FLSA claim, but in the same breath she states: she is "seeking unpaid overtime wage payments that are based upon an agreed-upon hourly rate[.]" (D.E. 24, Pl.'s Resp. at 5.) Thus, by Plaintiff's own admission, it is clear her SCPWA claim is based on "unpaid overtime." (*Id.*) This is exactly what is preempted by the FLSA and what is proscribed by the case law:

> The FLSA was enacted as a comprehensive, exclusive remedial scheme to address employees' right to overtime pay and to be free from retaliation. 29 U.S.C. § 215(a)(3). In *Dockins v. Ingles Markets, Inc.,* 306 S.C. 496, 413 S.E.2d 18 (S.C. 1992), the South Carolina Supreme Court was faced with materially indistinguishable facts and held that the state law claims were not cognizable because the plaintiff was limited to those statutory remedies available under the FLSA.
>
> . . .
>
> "When a statute creates a substantive right and provides a remedy for infringement of that right, the plaintiff is limited to that statutory remedy. *Campbell v. Bi–Lo,* 301 S.C. 448, 392 S.E.2d 477 (Ct. App. 1990) . . . Therefore, [the plaintiff] is limited to his remedy under the Fair Labor Standards Act."

*Nimmons v. RBC Ins. Holdings (USA) Inc.*, 2007 WL 4571179, at *2 (D.S.C. Dec. 27, 2007) (quoting *Dockins*, 413 S.E.2d at 19). Courts have "routinely held that the exclusive remedies available to an employee to enforce legal rights created by the FLSA are the statutory remedies provided therein." *Id.* (citing cases, including *Nettles v. Techplan Corp.,* 704 F. Supp. 95, 100 (D.S.C. 1988) (dismissing state law negligence claim based on failure to pay overtime and holding that the FLSA is the exclusive remedy to recover overtime wages); *New v. Belk, Inc.,* No. 8:00-cv-852, slip op. at 5 (D.S.C. Oct. 10, 2000) (holding that state law claims are duplicative and subject to dismissal when they seek to vindicate same rights protected by federal statutory law)). Indeed, the Fourth Circuit has held that "the FLSA preempts all state law causes of action premised upon failure to pay overtime[.]" *Id.* (citing *Anderson v. Sara Lee Corp.,* 508 F.3d 181 (4th Cir. 2007)).

"The foregoing authorities compel the conclusion that Plaintiff's [SCPWA claim is] not viable and should be dismissed as duplicative of the rights and remedies available under the

FLSA." *Id.* "The FLSA clearly creates a substantive right to overtime pay [and] provides remedies for infringement of [that right]." *Id.* "Thus, South Carolina and federal case law dictate that Plaintiff is limited to her statutory remedies under the FLSA." *Id.* Accordingly, Plaintiff's SCPWA claim warrants dismissal for failure to state a claim. *See id.*

      **B.**    **Even if Not Based on Alleged Unpaid Overtime, Plaintiff's SCPWA Still Fails**

In her Response, Plaintiff also states her SCPWA claim is based on allegations of "failure to provide . . . proper notice at the time of hiring, a timely written notice of any changes in [the] terms of employment, and wage statements for each pay period" in violation of S.C. Code Ann. § 41-10-30. (Pl.'s Resp. at 5.) As Defendants pointed out in their initial Brief (D.E. 19-1 at 7 n.5), no private right of action exists under this provision, and therefore, such allegation cannot serve as the basis for Plaintiff's SCWPA claim. *See Tarry v. Captain George's of S.C., LP*, 2020 WL 12787708, at *3 (D.S.C. Sept. 21, 2020) (holding no private right of actions for an employer's violation of § 41-10-30 and dismissing plaintiff's SCPWA claims to the extent they seek relief solely under this notice provision). Plaintiff cannot enforce S.C. Code § 41-10-30 through a private civil action. *See* S.C. Code § 41-10-80(C) (private rights of action under the SCPWA apply only to violations of §§ 41-10-40 or 41-10-50).

Finally, Plaintiff states her SCPWA claim is based on Defendants' alleged failure to pay "all 'wages' due, as defined in section 41-10-10(2) of the SCPWA, including 'vacation, holiday, sick leave, and benefits due[.]" (Pl.'s Resp. at 5.) "Wages" are defined by the SCPWA as: "all amounts at which labor rendered is recompensed, whether the amount is fixed or ascertained on a time, task, piece, or commission basis, or other method of calculating the amount and includes vacation, holiday, and sick leave payments which are due to an employee under any employer policy or employment contract." S.C. Code Ann. § 41-10-10(2). Plaintiff's Complaint is completely devoid of any factual allegation of any entitlement to vacation, holiday, sick leave, or

3

benefits, other than the conclusory allegation in Paragraph 58 that regurgitates the statutory definition of "wages." There is no allegation in Plaintiff's recitation of the alleged facts of an "employer policy or employment contract" that would have entitled Plaintiff to "vacation, holiday, sick leave or other benefits" for caring for her own husband in her own home. There is no allegation that Defendants did not pay the hourly rate the parties agreed to. From the four corners of the Complaint, it is clear that Plaintiff is seeking only unpaid overtime. (*See generally* Compl.)

### C. Defendants Are Entitled to Know Which Allegations Are Brought Against Them

Throughout her Complaint, Plaintiff summarily refers to "Defendants," but fails to specify the conduct for which each specific Defendant may be liable. (*See, e.g.*, Compl. ¶ 27.) In her Response, Plaintiff argues "the Individual Defendants can admit or deny the claims in the Complaint…without trying to guess what harm is alleged." (Pl.'s Resp. at 3.) However, the underlying allegations made in Plaintiff's Complaint are made against "Defendants," without specifically assigning any alleged specific wrong to any particular Defendant. This is impermissible, as "it is axiomatic that defendants in an action under the Federal Rules of Civil Procedure are entitled to '…fair notice of actual wrong, openly stated on the basis of facts asserted[.]'" *Harper v. United States*, 423 F. Supp. 192, 196 (D.S.C. 1976) (quoting *Spiegler v. Wills*, 60 F.R.D. 681 (S.D.N.Y. 1973)). "Neither the court nor defendants should be required to speculate as to the actions and injuries of which the plaintiff complains." *Id.* (citing *Roe v. Wade*, 410 U.S. 113, 128 (1973)). That is exactly what Plaintiff is asking Defendants (and the Court) to do here, and her Complaint should be dismissed for this additional reason.

### II. Conclusion

Based upon the foregoing and the arguments raised in Defendants' Motion to Dismiss and Memorandum in Support, Defendants are entitled to dismissal of Plaintiff's Complaint.

Respectfully submitted this 1st day of October 2025.

                                                     OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

*s/ Luci L. Nelson*
Luci L. Nelson, Fed. I.D. # 10341
Ogletree, Deakins, Nash,
Smoak & Stewart, P.C.
The Ogletree Building
300 North Main Street
Greenville, SC 29601
luci.nelson@ogletree.com

Kevin S. Joyner (N.C. Bar No. 25605)*
Charlotte C. Smith (N.C. Bar No. 53616)*
8529 Six Forks Road
Forum IV, Suite 600
Raleigh, North Carolina 27615
Telephone: 919.787.9700
Facsimile: 919.783.9412
Email: Kevin.Joyner@ogletree.com
Email: Charlotte.Smith@ogletree.com

*Attorneys for Defendants*

*Pro Hac Vice forthcoming