IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| SHERYL MOULTON, INDIVIDUALLY, AND ON BEHALF OF ALL OTHER SIMILARLY-SITUATED INDIVIDUALS,<br><br>     Plaintiff,<br><br>v.<br><br>COLD WAR CITIZENS CARE, LLC; COLD WAR CITIZENS HEALTHCARE OF AMERICA; COLD WAR CITIZENS HEALTH CARE, LLC; OLIN MARTIN, DAVID BABATOPE, AND JACOB T. SMITH,<br><br>     Defendants. | Case No.: 1:25-cv-09891 |

## ANSWER AND DEFENSES TO COMPLAINT

COME NOW Defendants Cold War Citizens Care, LLC, Cold War Citizens Healthcare of America, Cold War Citizens Health Care, LLC, Olin Martin, David Babatope, and Jacob T. Smith ("Defendants"), by and through counsel and answer the Complaint of Plaintiff Sheryl Moulton as follows:

With regard to the specific allegations contained in the Complaint, Defendants respond to each separately numbered paragraph below. Defendants deny all allegations and inferences of the Complaint that are not expressly admitted in this Answer, deny acting unlawfully with respect to Plaintiff, and deny causing recoverable damage the Plaintiff, as alleged in the Complaint.

## RESPONSE TO NATURE OF THE ACTION

1. Defendants admit Plaintiff worked as an independent contractor home health worker, providing care to her own husband in her own home. Defendants admit, upon information and belief, that Plaintiff resides in Aiken, South Carolina. Defendants admit Plaintiff has brought this matter individually and as a collective action under the FLSA. Defendants deny that Plaintiff's

claims are appropriate for treatment as a collective action. Defendants deny Plaintiff is entitled to the relief sought or to any relief whatsoever. The remaining allegations set forth in Paragraph 1 contain a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the remaining allegations set forth in Paragraph 1 of the Complaint.

2. Defendants admit Plaintiff seeks remedies under South Carolina law on an individual and class-wide basis. Defendants deny that Plaintiff's claims are appropriate for treatment as a class under Rule 23. Defendants deny Plaintiff is entitled to the relief sought or to any relief whatsoever. Defendants deny any remaining allegations set forth in Paragraph 2 of the Complaint.

## **RESPONSE TO ALLEGED PARTIES, JURISDICTION AND VENUE**

3. Defendants admit, upon information and belief, the allegations set forth in Paragraph 3 of the Complaint.

4. Defendants admit the allegations set forth in Paragraph 4 of the Complaint.

5. Defendants admit Defendant CWCC is a Georgia company. Defendants deny the remaining allegations set forth in Paragraph 5 of the Complaint.

6. Defendants admit the allegations set forth in Paragraph 6 of the Complaint.

7. Defendants deny the allegations set forth in Paragraph 7 of the Complaint.

8. Defendants admit the allegations set forth in Paragraph 8 of the Complaint.

9. Defendants admit Defendant Babatope is a citizen and resident of the State of Georgia.

10. Defendants admit Plaintiff has brought this matter individually and as a collective action under the FLSA. Defendants deny that Plaintiff's claims are appropriate for treatment as a

collective action. Defendants deny Plaintiff is entitled to the relief sought or to any relief whatsoever. Defendants deny any remaining allegations set forth in Paragraph 10 of the Complaint.

11.	Defendants deny the allegations set forth in Paragraph 11 of the Complaint and subparagraphs (a)-(d) thereunder.

12.	Defendants deny the allegations set forth in Paragraph 12 of the Complaint.

13.	Defendants deny the allegations set forth in Paragraph 13 of the Complaint as stated.

14.	Defendants deny the allegations set forth in Paragraph 14 of the Complaint.

15.	Defendants deny the allegations set forth in Paragraph 15 of the Complaint.

16.	Defendants admit this Court has jurisdiction over this matter.

17.	Defendants admit venue is proper in this Court. Defendants deny they committed any "unlawful labor practices."

## RESPONSE TO ALLEGED FACTS

18.	Defendants admit the CWC Defendants offer in-home care and skilled nursing services under the Department of Labor's EEOICPA Program. Defendants deny the remaining allegations set forth in Paragraph 18 as stated.

19.	Defendants admit the allegations set forth in Paragraph 19 of the Complaint.

20.	Defendants admit the allegations set forth in Paragraph 20 of the Complaint.

21.	Defendants admit the allegations set forth in Paragraph 21 of the Complaint.

22.	Defendants deny the allegations set forth in Paragraph 22 of the Complaint as stated.

23.	Defendants deny the allegations set forth in Paragraph 23 of the Complaint as stated. Plaintiff was an independent contractor, not an employee.

24. Defendants admit they are in possession of Plaintiff's time and payment records. Defendants deny the remaining allegations set forth in Paragraph 24 of the Complaint as stated.

25. Defendants deny the allegations set forth in Paragraph 25 as stated.

26. Defendants deny the allegations set forth in Paragraph 26 of the Complaint.

27. Defendants deny the allegations set forth in Paragraph 27 of the Complaint.

28. Defendants deny the allegations set forth in Paragraph 28 of the Complaint.

29. Defendants deny the allegations set forth in Paragraph 29 of the Complaint.

30. Defendants deny the allegations set forth in Paragraph 30 of the Complaint.

31. Defendants deny the allegations set forth in Paragraph 31 of the Complaint.

32. Defendants deny the allegations set forth in Paragraph 32 of the Complaint.

33. Defendants admit the allegations set forth in Paragraph 33 of the Complaint.

34. Defendants CWCHC, CWCC, and CWCHA admit they offered in-home care and skilled nursing services under the Department of Labor's EEOICPA Program. In all other respects, Defendants deny the allegations set forth in Paragraph 34 of the Complaint as stated.

35. Defendants deny the allegations set forth in Paragraph 35 as stated.

36. Defendants deny the allegations set forth in Paragraph 36 of the Complaint.

37. Defendants deny the allegations set forth in Paragraph 37 of the Complaint.

38. Defendants deny the allegations set forth in Paragraph 38 of the Complaint.

39. Defendants deny the allegations set forth in Paragraph 39 of the Complaint.

40. Defendants admit Plaintiff has brought this matter individually and as a collective action under the FLSA, but Defendants deny Plaintiff is entitled to the relief sought or to any relief whatsoever. Defendants deny any remaining allegations set forth in Paragraph 40 of the Complaint.

41. Defendants deny the allegation set forth in Paragraph 41 of the Complaint.

42. Defendants deny the allegations set forth in Paragraph 42 of the Complaint.

43. Defendants admit the allegations set forth in Paragraph 43 of the Complaint.

### Responding to the First Cause of Action – as to CWC Defendants Only

### FLSA – Failure to Pay Overtime Wages, Individual and Collective Action

44. Defendants incorporate their responses to Paragraphs 1thorugh 43.

45. Defendants deny the allegations set forth in Paragraph 45 of the Complaint.

46. Defendants deny the allegations set forth in Paragraph 46 of the Complaint.

47. Defendants aver the language of the FLSA statute speaks for itself. Defendants deny any remaining allegations set forth in Paragraph 47 of the Complaint.

48. Defendants deny the allegations set forth in Paragraph 48 of the Complaint.

49. Defendants deny the allegations set forth in Paragraph 49 of the Complaint.

50. Defendants deny the allegations set forth in Paragraph 50 of the Complaint.

51. Defendants deny the allegations set forth in Paragraph 51 of the Complaint.

52. Defendants deny the allegations set forth in Paragraph 52 of the Complaint.

53. Defendants aver the language of the cited statutes and regulation speaks for itself. Defendants admit they have possession of Plaintiff's pay and time records (as does Plaintiff). Defendants deny Plaintiff is entitled to the relief sought or to any relief whatsoever.

54. Defendants deny the allegations set forth in Paragraph 54 of the Complaint.

### Responding to the Second Cause of Action As to All Defendants

### South Carolina Payment of Wages Act

55. Defendants incorporate their responses to Paragraphs 1 through 54.

56. Defendants deny the allegations set forth in Paragraph 56 of the Complaint.

57. Defendants deny the allegations set forth in Paragraph 57 of the Complaint.

58. Defendants deny the allegations set forth in Paragraph 58 of the Complaint.

59. Defendants deny the allegations set forth in Paragraph 59 of the Complaint.

60. Defendants deny the allegations set forth in Paragraph 60 of the Complaint.

61. Defendants admit Plaintiff was properly classified as an independent contractor. Defendants, therefore, admit the allegations set forth in Paragraph 61 of the Complaint.

62. Defendants deny the allegations set forth in Paragraph 62 of the Complaint.

63. Defendants deny the allegations set forth in Paragraph 63 of the Complaint.

64. Defendants deny the allegations set forth in Paragraph 64 of the Complaint.

65. Defendants deny the allegations set forth in Paragraph 65 of the Complaint.

66. Defendants deny the allegations set forth in Paragraph 66 of the Complaint.

67. Defendants deny the allegations set forth in Paragraph 67 of the Complaint.

68. Responding to the "Wherefore" Paragraph and subparagraphs (a)-(g) thereunder, Defendants deny Plaintiff is entitled to the relief sought or to any relief whatsoever. Defendant deny any remaining allegations set forth in the "Wherefore" Paragraph or subparagraphs thereunder.

## AFFIRMATIVE AND OTHER DEFENSES

As for separate defenses to the Complaint, and without conceding that Defendants bear the burden of proof or persuasion as to any of them, except as required by applicable law with respect to the defense asserted, Defendants state as follows:

## FIRST DEFENSE

Plaintiff's claims are barred to the extent the Court lacks jurisdiction over Cold War Citizens Care, LLC and to the extent Cold War Citizens Care, LLC is not a real party in interest.

Cold War Citizens Care, LLC is a Georgia company. It does not conduct any significant activities in South Carolina or exercise day-to-day control over Cold War Citizens Health Care, LLC or Cold War Citizens Healthcare of America, nor has it done so at any time relevant to this case. Cold War Citizens Care, LLC does not have (nor did it ever have) any contractual or other relationship with Plaintiff or those individuals she purports to represent. As such, Cold War Citizens Care, LLC has insufficient contacts with the State of South Carolina to allow this Court to assert personal jurisdiction under either the doctrine of general jurisdiction or specific jurisdiction.

**SECOND DEFENSE**

Even if the Court were to find an employment relationship, which Defendants deny, Cold War Citizens Care, LLC and Cold War Citizens Healthcare of America are improperly joined in this action because they were not Plaintiff's "employer" or the "employer" of those individuals she purports to represent.

**THIRD DEFENSE**

Plaintiff and those individuals she purports to represent cannot recover under the FLSA, the South Carolina Payment of Wages Act, or any other South Carolina law they purport to assert because they are not "employees" under the FLSA, the South Carolina Payment of Wages Act, or South Carolina common law. Rather, Plaintiff and those individuals she purports to represent entered were independent contractors, and Defendants did not exercise the requisite degree of control for Plaintiff or those individuals she purports to represent to be employees, among other factors.

**FOURTH DEFENSE**

Some or all of Plaintiff's claims, and the claims of those distributors she seeks to represent, are barred, at least in part, by the applicable statute of limitations, specifically the FLSA's two-year statute of limitations and the South Carolina Payment of Wages Act's three-year statute of limitations.

**FIFTH DEFENSE**

Plaintiff lacks standing to pursue claims on behalf of certain individuals she seeks to represent.

**SIXTH DEFENSE**

Some of the purported claims in the Complaint are barred because Plaintiff lacks standing to represent such purported collective action members. Further, Plaintiff's claims on behalf of any former home health aides are barred because such individuals lack standing with respect to their claims for declaratory and injunctive relief.

**SEVENTH DEFENSE**

Plaintiff's claims and the claims of those individuals She seeks to represent are barred, at least in part, by the doctrine of judicial estoppel, to the extent they have ever filed for bankruptcy and not disclosed the claims asserted herein as assets of the bankruptcy estate in the bankruptcy petition or attached schedules.

**EIGHTH DEFENSE**

Neither Plaintiff nor those individuals she purports to represent are "similarly situated" under the FLSA, 29 U.S.C. §§ 201-219, as amended by the Portal-to-Portal Act, *id.* §§ 251-62, because Plaintiff and those she seeks to represent worked in different locations (their own homes),

with different family member patients, during different time periods, and under different circumstances, among other reasons, during the relevant time period.

**NINTH DEFENSE**

Plaintiff and those individuals she seeks to represent may not recover liquidated damages because neither Defendants, nor their officers, directors, managers, or agents committed any willful violation of the overtime provisions of the FLSA, nor did they ratify any such violation.

**TENTH DEFENSE**

Plaintiff and those individuals she seeks to represent are not entitled to treble damages under the state law claims because Defendants did not act in bad faith, nor did they willfully or knowingly violate the state statutes, and there is a bona fide dispute regarding whether Plaintiff and those she purports to represent are employees and were owed any wages.

**ELEVENTH DEFENSE**

Plaintiff's requests for relief that are equitable in nature must be dismissed because Plaintiff and those individuals she seeks to represent have adequate remedies at law.

**TWELFTH DEFENSE**

At all relevant times, Defendants honestly intended to ascertain the FLSA's requirements and to comply with them.

**THIRTEENTH DEFENSE**

Plaintiff has failed to plead facts with sufficient particularity to support an award of liquidated damages.

**FOURTEENTH DEFENSE**

Plaintiff's claims on behalf of those individuals she seeks to represent are barred by failing to satisfy the opt-in requirements of 29 U.S.C. § 216(b).

**FIFTEENTH DEFENSE**

Plaintiff is not an adequate representative of those individuals she seeks to represent because they worked in different locations (their own homes), with different family member patients, during different time periods, and under different circumstances, among other reasons, during the relevant time period.

**SIXTEENTH DEFENSE**

Plaintiff's claims cannot be properly joined with the claims of any individuals she seeks to represent because her claims are individualized and fact-specific and do not arise out of a common set of facts as those claims Plaintiff purports to assert on behalf of the individuals she seeks to represent. More specifically, Plaintiff and those she seeks to represent worked in multiple different locations (their own homes), with different family member patients, during different time periods, and under different circumstances, among other reasons, during the relevant time period, all of which, among other reasons, must be examined to adjudicate their claims, and which is not subject to common proof. As such, the claims are not subject to collective or class adjudication.

**SEVENTEENTH DEFENSE**

Plaintiffs are not entitled to injunctive relief because the allegations in the Complaint do not meet the legal requirements for such relief.

**EIGHTEENTH DEFENSE**

Individual issues of fact or law premediate over common issues.

**NINETEENTH DEFENSE**

Some or all of the purported claims in Plaintiff's Complaint are barred because Defendants have not acted or refused to act on any grounds generally applicable to the purported class

members, and therefore final injunctive relief or corresponding declaratory relief with respect to the purported class members is not appropriate.

## TWENTIETH DEFENSE

Plaintiffs' Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

## TWENTY-FIRST DEFENSE

Plaintiff's violation of the Payment of Wages Act claim must fail to the extent she does not allege Defendants failed to pay "wages," as the term is defined by the Act.

## TWENTY-SECOND DEFENSE

Plaintiff's interests are or may be in conflict with individuals she seeks to represent.

## TWENTY-THIRD DEFENSE

Some or all of the purported claims in the Complaint are barred because Plaintiff has not and cannot show that collective or class action treatment is superior to other available methods for the fair and efficient adjudication of this controversy.  Further, Rule 23 treatment of Plaintiffs' claims under the South Carolina Payment of Wages Act must be denied because Rule 23 treatment is not superior to other available methods for the fair and effective adjudication of this controversy (namely, allowing opt-in plaintiffs to prosecute their independent state law claims as part of the collective action under the FLSA).

## TWENTY-FOURTH DEFENSE

The circumstances of Plaintiff's relationship with Defendants are not typical of the circumstances of the individuals she seeks to represent.

## TWENTY-FIFTH DEFENSE

Plaintiff is not an adequate representative of those individuals she seeks to represent.

**TWENTY-SIXTH DEFENSE**

Plaintiff and those individuals she seeks to represent are not entitled to pre-judgment interest because Defendants acted in good faith or because such interest is not otherwise properly recoverable.

**TWENTY-SEVENTH DEFENSE**

Plaintiff's claims and the claims of those individuals she seeks to represent are barred, at least in part, under the doctrines of accord and satisfaction, payment or set off, to the extent they have been fully compensated for any "wages" owed and, by accepting the payments made to them, have effectuated an accord and satisfaction of their claims.

**TWENTY-EIGHTH DEFENSE**

Some or all of the purported claims in Plaintiff's Complaint are barred because the purported class members are not so numerous that joinder of each member would be impracticable.

**TWENTY-NINTH DEFENSE**

Defendants assert the Affirmative and Other Defenses set forth herein with respect to all individuals who conditionally opt-in to this case or do not opt-out of any Rule 23 class, to the extent one is certified, which Defendants deny is appropriate.

**THIRTIETH DEFENSE**

The South Carolina Payment of Wages Act does not cover independent contractors.

Defendants will rely upon all proper defenses lawfully available that may be disclosed by evidence and reserve the right to amend this Answer to state such other affirmative and additional defenses and/or to otherwise supplement this Answer upon discovery of facts or evidence rendering such action appropriate.

Respectfully submitted this 17th day of December 2025.

                                                                OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

                                                                *s/ Luci L. Nelson*
Luci L. Nelson, Fed. I.D. # 10341
Ogletree, Deakins, Nash,
Smoak & Stewart, P.C.
The Ogletree Building
300 North Main Street
Greenville, SC 29601
luci.nelson@ogletree.com

Kevin S. Joyner (N.C. Bar No. 25605)*
Charlotte C. Smith (N.C. Bar No. 53616)*
8529 Six Forks Road
Forum IV, Suite 600
Raleigh, North Carolina 27615
Telephone: 919.787.9700
Facsimile: 919.783.9412
Email: Kevin.Joyner@ogletree.com
Email: Charlotte.Smith@ogletree.com

*Attorneys for Defendants*

*Pro Hac Vice forthcoming